IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE: § | | |
| FRANK ALUOTTO; aka ALUOTTO; aka § | Case No. 08-32970 | |
| ALUOTTO; dba FORGETTABOUTIT § | | |
| INC.; dba FORGETTABOUT TOO; dba § | | |
| ALOUTTO INC.; dba FBI ROCK CLUB, § | | |
|     Debtor(s). § | | |
| § | Chapter 7 | |
| § | | |
| THE CADLE COMPANY, § | | |
|     Plaintiff(s) § | | |
| § | | |
| VS. § | Adversary No. 08-03250 | |
| § | | |
| FRANK ALUOTTO, § | | |
|     Defendant(s). § | Judge Isgur | |

## Memorandum Opinion

On December 8, 1992, the United States Bankruptcy Court for the District of New Jersey issued a non-dischargeable judgment against defendant debtor Frank Aluotto in the amount of $51,840.98, plus interest. Plaintiff Cadle Company purchased the judgment. On November 25, 2003, Cadle domesticated the 1992 judgment by filing it with the Harris County District Court clerk and sought to enforce the judgment through a domestication suit filed in the 334th District Court of Harris County, Texas (cause no. 2003-65415) ("domestication suit"). Under Texas law, the 1992 judgment became a final judgment upon the date of filing.

On June 21, 2006, Aluotto filed a motion to vacate the domesticated judgment. Aluotto argued that the domesticated judgment was invalid because it was not prosecuted within the applicable Texas statute of limitations. On July 23, 2006, the 334th District Court issued an Order denying Aluotto's motion to vacate. The Order stated that the court lacked jurisdiction over the motion and implied that Aluotto had untimely raised his statute of limitations defense.

1

The Court refrained from deciding other issues, pending a bill of review Aluotto had filed.

On July 19, 2006, Aluotto filed an Original Petition for Bill of Review in the 80th District Court of Harris County, Texas (cause no. 2006-44216) ("bill of review"). The bill of review asserts that the 1992 judgment was improperly domesticated after passage of the statute of limitations. The bill of review also asserts that Aluotto was not properly served with notice of the filing of the 1992 judgment until after the appellate deadlines had expired.

On May 5, 2008, Aluotto filed a chapter 7 bankruptcy petition. Cadle filed a proof of claim in the amount of $98,443.14 based on the domesticated judgment. Aluotto objected to the proof of claim, again alleging that Cadle failed to domesticate the judgment within the applicable statute of limitations.

On June 13, 2008, Cadle filed an adversary proceeding seeking to except its debt from discharge (adv. #08-03199). Cadle contends that res judicata prohibits Aluotto from contesting the discharge issues decided in the 1992 judgment. On July 15, 2008, Cadle removed the bill of review suit to this Court (adv. # 08-03250).

On October 14, 2008, the Court consolidated the two adversaries and Aluotto's objection to Cadle's claim for a status conference. The parties agreed that the enforceability of the domesticated judgment was determinative of all three matters. On January 29, 2009, the Court issued a Memorandum Opinion holding that this Court had the authority to consider a bill of review adversary and that resolution of the bill of review adversary would be determinative of Aluotto's objection to Cadle's claim and Cadle's discharge objection. The Court subsequently held a scheduling conference for the bill of review adversary proceeding and set deadlines for summary judgment motions. Both parties filed cross motions for summary judgment on whether Aluotto was entitled to have this Court reconsider the domesticated judgment under Texas

equitable bill of review doctrine.

For the reasons set forth below, the Court holds that Aluotto is not entitled to an equitable bill of review.

## Jurisdiction

This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334. This a core proceeding pursuant to 28 U.S.C. § 157(b)(2). Venue is proper in this District pursuant to 28 U.S.C. §§ 1408 and 1409.

## Summary Judgment Standard

A party seeking summary judgment may demonstrate: (i) an absence of evidence to support the non-moving party's claims or (ii) the absence of a genuine issue of material fact. *Warfield v. Byron*, 436 F.3d 551, 557 (5th Cir. 2006); *Condrey v. SunTrust Bank of Ga.*, 429 F.3d 556, 562 (5th Cir. 2005). Material facts are those that could affect the outcome of the action or could allow a reasonable fact finder to find in favor of the non-moving party. *DIRECTV, Inc. v. Budden*, 420 F.3d 521, 529 (5th Cir. 2005).

The evidentiary support needed to meet the initial summary judgment burden depends on whether the movant bears the ultimate burden of proof at trial. At all times, a court views the facts in the light most favorable to the non-moving party. *Rodriguez v. ConAgra Grocery Products, Co.*, 436 F.3d 468, 473 (5th Cir. 2006). However, to weigh evidence would result in a credibility determination that is not part of the summary judgment analysis. *Hunt v. Rapides Healthcare Sys., LLC*, 277 F.3d 757, 762 (5th Cir. 2001); *See MAN Roland, Inc. v. Kreitz Motor Express, Inc.*, 438 F.3d 476, 478 (5th Cir. 2006). A court is not obligated to search the record for the non-moving party's evidence. *Malacara v. Garber*, 353 F.3d 393, 405 (5th Cir. 2003).

If the movant does not bear the burden of proof, the movant must show the absence of sufficient evidence to support an essential element of the opposing party's claim. *Id.; see also Condrey v. Suntrust Bank of Ga.*, 431 F.3d 191, 197 (5th Cir. 2005); *Ballard v. Burton*, 444 F.3d 391, 396 (5th Cir. 2006). The movant may seek summary judgment if insufficient evidence has emerged from discovery to support the non-moving party's claims. 10A CHARLES ALAN WRIGHT, ARTHUR R. MILLER & MARY KAY KANE, FEDERAL PRACTICE & PROCEDURE § 2727 (3d ed. 1998). At this time the non-moving party must respond with sufficient evidence to support the challenged element of its case or present evidence to raise a material issue of fact. *Id.; Celotex Corp. v. Cattrett*, 477 U.S. 317, 324 (1986); *Wheeler v. BL Dev. Corp.*, 415 F.3d 399, 402 (5th Cir. 2005). Ultimately, the motion should be granted if the non-moving party cannot produce evidence to support an essential element of its claim. *See Condrey*, 431 F.3d at 19.

**Analysis**

**i. Uniform Enforcement of Foreign Judgments Act**

Rule 69 of the Federal Rules of Civil Procedure provides that judgments should be enforced pursuant to the procedures of the state in which the federal court sits, unless a federal statute provides otherwise. Fed. R. Civ. P. 69(a)(1)[1]; *Sobranes Recovery Pool I, LLC v. Todd & Hughes Constr. Corp.*, 509 F.3d 216, 227 (5th Cir. 2007); *Fed. Deposit Ins. Corp. v. Ochsner*, 240 F.3d 1074, 2000 WL 1835282 (5th Cir. 2000); *In re Estate of Ferdinand E. Marcos Human Rights Litig. v. Estate of Ferdinand Marcos*, 536 F.3d 980, 987–88 (9th Cir. 2008). In Texas, the Civil Practice & Remedies Code defines the procedures for and limitations against enforcement of judgments.

---

[1] Rule 69(a)(1) provides: "***Money Judgment; Applicable Procedure***. A money judgment is enforced by a writ of execution, unless the court directs otherwise. The procedure on execution—and in proceedings supplementary to and in aid of judgment or execution—must accord with the procedure of the state where the court is located, but a federal statue governs to the extent it applies."

Chapter 35 of the Texas Civil Practice & Remedies Code, the Uniform Enforcement of Foreign Judgments Act ("UEFJA"), provides the procedure for domesticating a judgment issued by a non-Texas Court. TEX. CIV. PRAC. & REM. CODE ANN. § 35.001—008 (Vernon 2008). Section 35.003(c) provides that a foreign judgment filed under Chapter 35 "has the same effect and is subject to the same procedures, defenses, and proceedings for reopening, vacating, staying, enforcing, or satisfying a judgment as a judgment of the court in which it is filed." TEX. CIV. PRAC. & REM. CODE ANN. § 35.003(c). Accordingly, "[u]nder the UEFJA, filing a foreign judgment in a Texas Court instantly creates an enforceable, final Texas judgment." *BancorpSouth Bank v. Prevot*, 256 S.W.3d 719, 722 (Tex. App.—Houston [14th Dist] 2008, no pet. h.) (citing Tex. Civ. Prac. & Rem. Code § 35.003(c); *Walnut Equip. Leasing Co., Inc. v. Wu*, 920 S.W.2d 285, 286 (Tex. 1996); *Urso v. Lyon Fin. Servs., Inc.*, 93 S.W.3d 276, 277 (Tex. App.—Houston [14th Dist] 2002, no pet.); *Bahr v. Kohr*, 928 S.W.2d 98, 100 (Tex. App.—San Antonio 1996, writ denied)).

Because a filed foreign judgment is treated like any other Texas final judgment, the Texas Rules of Appellate Procedure apply. TEX. CIV. PRAC. & REM. CODE ANN. § 35.003(c) ("A filed foreign judgment has the same effect and is subject to the same procedures, defenses, and proceedings . . . as a judgment of the court in which it is filed."); *Caldwell v. Barnes*, 975 S.W.2d 535, 536 (Tex. 1998); *BancorpSouth*, 256 S.W.3d at 725 ("A judgment debtor must challenge enforcement of a filed foreign judgment within the timetables applicable to attacking any Texas judgment.").

### a. Cadle's Filing Under the UEFJA

Cadle filed the 1992 judgment on November 25, 2003, more than 10 years after the judgment was rendered and Aluotto became a Texas resident. Absent grounds for tolling or

5

revival, the 1992 judgment appears to have been filed outside the Texas statute of limitations. TEX. CIV. PRAC. & REM. CODE § 16.066(b) ("An action against a person who has resided in this state for 10 years prior to the action may not be brought on a foreign judgment rendered more than 10 years before commencement of the action in this state."); *Lawrence Sys., Inc. By and Through Douglas-Guardian Warehouse Corp. v. Superior Feeders, Inc.*, 880 S.W.2d 203, 208 (Tex. App.—Amarillo 1994, writ denied) ("Consequently, we conclude that filing a foreign judgment under the Uniform Act is an enforcement "action" to which section 16.066(b) applies.").

Nevertheless, when filed, the 1992 judgment became a final judgment subject to appellate rules. *BancorpSouth*, 256 S.W.3d at 722. When Aluotto first raised the statute of limitations defense in his June 21, 2006 motion to vacate, his appellate rights had expired. The 334th District Court appears to have denied Aluotto's motion to vacate on this basis. After the appellate deadlines have passed, a judgment is enforceable pending a bill of review. *BancorpSouth*, 256 S.W.3d at 729 ("Therefore, short of Pervot's prevailing on a bill of review, the trial court has no alternative but to enforce the judgment as requested by Bancorp in its motion.").

### ii. Bill of Review

After the appellate deadlines have passed, a judgment debtor may still attack a judgment by filing an equitable bill of review. *Middleton v. Muff*, 689 S.W.2d 212, 213 (Tex. 1985) ("a bill of review is the exclusive remedy since the time for an appeal from the consent judgment has expired"); *BancorpSouth*, 256 S.W.3d at 725. Aluotto timely filed a bill of review.

A judgment debtor may collaterally attack a judgment after expiration of the appellate deadlines and outside of a bill of review if the court that rendered the challenged judgment

6

lacked jurisdiction to render the judgment. *BancorpSouth*, 256 S.W.3d at 726 (citing *Middleton*, 689 S.W.2d at 213; *Deen v. Kirk*, 508 S.W.2d 70, 72 (Tex. 1974); *McEwen v. Harrison*, 345 S.W.2d 706, 710 (1961)). A statute of limitations defense does not defeat the rendering court's jurisdiction. "A statue of limitations claim, whether asserted in a suit originating in Texas or in opposition to enforcement of a filed foreign judgment, is not a challenge to the trial court's subject matter jurisdiction; rather, limitations is a procedural matter that is waived if not raised in the trial court." *BancorpSouth*, 256 S.W.3d at 726 (citing *Franco v. Allstate Ins. Co.*, 505 S.W.2d 789, 793 (Tex. 1974); *Moore v. Rotello*, 719 S.W.2d 372, 380 (Tex. App.—Houston [14th Dist.] 1986, writ ref'd n.r.e.); *Reading & Bates Constr. Co. v. Baker Energy Res.*, 976 S.W.2d 702, 713–15 (Tex. App.—Houston [1st Dist.] 1998, pet. denied)).

"A bill of review is an equitable proceeding brought by a party seeking to set aside a prior judgment that is no longer subject to challenge by a motion for new trial or appeal." *Caldwell v. Barnes*, 154 S.W.3d 93, 96 (Tex. 2004) (citing *Baker v. Goldsmith*, 582 S.W.2d 404, 406 (Tex. 1979)). "Traditionally, a bill of review requires proof of three elements: (1) a meritorious defense, (2) that was not asserted due to fraud, accident, or wrongful act of an opponent or official mistake, (3) unmixed with any fault or negligence by the movant." *Ross v. Nat'l Center for the Employment of the Disabled*, 197 S.W.3d 795, 797 (Tex. 2006) (citing *Baker*, 582 S.W.2d at 407; *Sedgwick v. Kirby Lumber Co.*, 107 S.W.2d 358, 359 (Tex. 1937)).

However, a defendant who is not afforded notice of the proceeding consistent with the Constitution's due process requirements is relieved of the need to prove the three elements. *Id.* ("a defendant who is not served with process is entitled to a bill of review without a further showing, because the Constitution discharges the first element, and lack of service establishes the second and third.") (citing, *Caldwell*, 154 S.W.3d at 96). "An elementary and fundamental

requirement of due process in any proceeding which is to be accorded finality is notice reasonably calculated, under the circumstances, to apprise interested parties of the pendency of the action and afford them the opportunity to present their objections." *Peralta v. Heights Med. Ctr., Inc.*, 485 U.S. 80, 84, 108 S.Ct. 896, 99 L. Ed. 2d 75, (1988).

### a. Analysis of the Summary Judgment Evidence

Aluotto had adequate notice of Cadle's domestication suit. Section 35.004(b) of the UEFJA provides that the clerk of court shall mail notice of the judgment to the judgment debtor at the judgment debtor's last known mailing address. TEX. CIV. PRAC. & REM. CODE ANN. § 35.004(b) (Vernon 2008). The Judgment creditor must file an affidavit showing the name and last known address of the judgment debtor. *Id.* at § 35.004(a). Aluotto does not allege that the statute's notice provision violates the due process clause of the constitution.

Consistent with § 35.004, notice was mailed to Aluotto's last known mailing address, in Katy, Texas. Cadle submitted a copy of the post-card notice verifying that notice was sent to the Katy address. Though Aluotto alleges that he was living at his girlfriend's residence at the time, he admits that the Katy address was his address at the time of the mailing. The Court finds that notice was "reasonably calculated, under the circumstances, to apprise" Aluotto of the domestication suit and afford him the opportunity to present his objections.

Because the Court finds that Aluotto had notice of the suit consistent with due process requirements, Aluotto bears the burden of establishing the three requirements for a bill of review. Aluotto may be able to establish the first requirement of a meritorious defense. Cadle attempted to domesticate the 1992 Judgment after the 10 year period for domestication had run.

However, Aluotto has not met the remaining two requirements. Cadle has produced undisputed evidence that it domesticated the 1992 judgment in accordance with the UEFJA's

requirements. Aluotto has produced no evidence that Cadle prevented him from responding to the domestication suit through fraud, accident, or other wrongful conduct. Rather, the summary judgment evidence shows that Cadle did all that it could to give Aluotto the opportunity to respond to the suit. Notice was mailed consistent with the UEFJA requirements. Personal service was attempted on four separate occasions in January of 2004. All service attempts were made at Aluotto's correct address.

Aluotto's failure to assert any applicable defense was due solely to his affirmative and intentional attempts to avoid participation in the suit. R.G. Parr, a Harris County deputy constable, signed an affidavit stating that he personally knocked on the door of Aluotto's home and, when no one answered, left a note requesting Aluotto to call him. Mr. Parr also stated that he saw Aluotto's vehicle in the driveway. When Mr. Parr returned for the second service attempt, the note was no longer on the front door. Mr. Parr stated that Aluotto did not respond to either of his four personal visits or answer any phone calls Mr. Parr made to the residence. "No rule of law is better settled than the one that a court of equity will not set aside a final judgment in a former action when the failure to have a full and fair presentation of the case therein resulted from the negligence, inadvertence or mistake either of the party seeking relief or counsel." *Petro-Chem. Transp., Inc. v. Carroll*, 514 S.W.2d 240, 246 (Tex. 1974).

## Standing

Aluotto also contends that Cadle has not submitted adequate documentation evidencing Cadle's ownership of the 1992 judgment and therefore lacks standing to prosecute its claim. Aluotto's argument is without merit. Cadle submitted an affidavit of Jeff Joseph, a Cadle account officer, stating how Cadle obtained the 1992 judgment. Joseph states that the 1992 judgment was obtained by National Payments Network. National Payments was succeeded in

9

interest by Western Union National Payments Bank. Western Union assigned the 1992 judgment to Financial Support Service-E. Financial Support Service then assigned the 1992 judgment to Cadle. Joseph's statements are supported by copies of assignment agreements between Western Union and Financial Support and between Financial Support and Cadle. The Court finds that Cadle is the legal owner of the 1992 judgment and has standing to seek enforcement in this adversary proceeding.

## Conclusion

For the reasons set forth above, the Court finds that Cadle's judgment is non-dischargeable pursuant to 11 U.S.C. § 523(a)(2). Separate orders will be issued.

**SIGNED April 29, 2009.**

_____
**Marvin Isgur**
**UNITED STATES BANKRUPTCY JUDGE**